1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   RICHARD BURGESS,

11                                    Plaintiff,

12          v.

13   CHUCK ATKINS,

14                                    Defendant.

CASE NO. 3:15-CV-05895-RJB-JRC

ORDER TO SHOW CAUSE OR
AMEND

15          Plaintiff Richard Burgess, proceeding *pro se* and *in forma pauperis*, filed this civil rights

16   complaint under 42 U.S.C. § 1983.  Plaintiff alleges he was denied medical treatment, that the

17   Clark County Jail is overcrowded, resulting in unsanitary conditions and pressure to fight with

18   other inmates, and that he was retaliated against for filing grievances about the sanitation issues.

19   Although plaintiff's allegations raise concerns with the Court, having reviewed and screened

20   plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint

21   because plaintiff has failed to allege any facts supporting personal participation against the

22   named defendant including allegations that deal with any claim of deliberate indifference and/or

23
24

ORDER TO SHOW CAUSE OR AMEND - 1

1  retaliation. The Court provides plaintiff leave to file an amended pleading by March 8, 2016, to

2  cure the deficiencies identified herein.

3  **BACKGROUND**

4  Plaintiff, who is currently incarcerated at Clark County Jail, alleges violations of his First

5  and Eighth Amendment rights. Dkt 8.

6  Plaintiff names defendant Atkins, a sheriff at the Clark County Sheriff's Office, as the

7  only defendant in this cause of action. Dkt 8 at 2. Plaintiff alleges that the jail is overcrowded

8  and that three individuals are housed in a two person cell. *Id.* at 3.  Plaintiff alleges that inmates

9  use floor mattress for long periods of time. *Id.* Plaintiff also alleges that he has been pressured

10  into fighting because of the overcrowding. *Id.* at 4. Plaintiff alleges that there is a strong urine

11  smell in his cell but he was told that it is the inmates' duty to clean the cell. *Id.* at 5. Plaintiff

12  alleges that mental health inmates sit in the cells without taking a shower and urinate on the

13  ground. *Id.* Plaintiff alleges that the guards never make them shower or clean and when they do,

14  they just "shove another inmate in [the] cell and don't clean it." *Id.* at 5.

15  Plaintiff alleges that because of the overcrowding, he cannot get medical care and the jail

16  charges $10.00. *Id.* at 4. With respect to his inadequate medical care claim, plaintiff alleges that

17  he has experienced chest pains, abnormal EKGs and blood pressure that was 170/40 but was told

18  to go back to his cell. *Id.* Plaintiff alleges that he was not taken to the hospital for an evaluation.

19  *Id.* at 3. Plaintiff also alleges that he has hepatitis C and has been denied treatment. *Id.* at 4.

20  Plaintiff alleges that on January 12, 2015, he was told that the jail's policy was not to treat

21  hepatitis C. *Id.* at 6.

22  Plaintiff alleges he has been denied compression socks for his congestive heart failure

23  and a medical wedge for his edema. *Id.* Plaintiff alleges he has been denied medication for

24

1   "noropthy extreme pain in hand's [sic] and feet." *Id.* at 4. Plaintiff also alleges he has been

2   denied mental health treatment for his ADHD and ADD. *Id.* Plaintiff alleges non-party doctor

3   Gretski knows he has been treated and has serious medical needs. *Id.* at 4.

4        Plaintiff alleges that he has been retaliated against since he has filed this lawsuit when he

5   was placed in administrative segregation and written up twice. *Id.* at 5.

6        Plaintiff seeks $2,000 in damages, attorney's fees, and a protection order on Clark

7   County Jail officers from retaliation. *Id.* at 7.

8   **DISCUSSION**

9        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

10   complaints brought by prisoners seeking relief against a governmental entity or officer or

11   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

12   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

13   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

14   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

15   152 F.3d 1193 (9th Cir. 1998).

16        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

17   suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

18   the violation was proximately caused by a person acting under color of state law. *See Crumpton*

19   *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

20   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

21   (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

22   named defendants caused, or personally participated in causing, the harm alleged in the

23   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

24

1    While plaintiff's allegations are certainly serious, plaintiff's complaint suffers from

2    deficiencies requiring dismissal if not corrected in an amended complaint.

3    **A.    Conditions of Confinement – Eighth Amendment**

4    Plaintiff alleges that while housed at Clark County Jail, he has been subjected to

5    conditions of confinement that violate his constitutional rights. *See* Dkt. 8. Specifically, plaintiff

6    maintains that the jail was overcrowded, resulting in unsanitary living conditions and fighting

7    among inmates, and that he was denied adequate medical treatment. *Id.*

8    ***1.   Overcrowding***

9    Plaintiff alleges that the overcrowding caused him to be pressured into fighting and

10   caused the jail cells and showers to be unsanitary. Dkt. 8 at 4-5.

11   Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth

12   Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Balla v. Idaho State Bd. of*

13   *Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987)

14   (per curiam) (*citing Hoptowit v. Ray*, 682 F.2d 132  1237, 1249 (9th Cir. 1982)). Where

15   crowding causes an increase in violence or reduces the provision of other constitutionally

16   required services, or reaches a level where the institution is no longer fit for human habitation,

17   however, the prisoner may be able to state a claim. *See Balla*, 869 F.2d at 471; *Toussaint v.*

18   *Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984); *Hoptowit*, 682 F.2d at 1248-49. "[S]ubjection of a

19   prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain

20   within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314

21   (9th Cir. 1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000); *Hoptowit v.*

22   *Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). The circumstances, nature, and duration of the

23   deprivations are critical in determining whether the conditions complained of are grave enough

24

1   to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th

2   Cir.2000).

3         However, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must

4   have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-

5   conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or

6   safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).  A prison official does not

7   act with deliberate indifference "unless the official knows of and disregards an excessive risk to

8   inmate health or safety." *Farmer,* 511 U.S. at 837.

9         Here, while plaintiff has alleged that he was subjected to unclean cells and showers,

10   plaintiff has not provided enough information as to the circumstances and duration of the jail and

11   cell conditions to enable the Court to determine whether plaintiff has identified a sufficiently

12   serious deprivation. *See Johnson,* 217 F.3d at 731.  Furthermore, plaintiff has failed to allege any

13   facts showing that the named defendant knew of the unsanitary cells and showers and acted with

14   deliberate indifference.  *See Farmer,* 511 U.S. at 837.

15         Plaintiff also alleges that overcrowding caused plaintiff to be pressured into fighting with

16   inmates. Dkt. 8 at 4. The failure of prison officials to protect inmates from attacks by other

17   inmates or from dangerous conditions at the prison violates the Eighth Amendment only when

18   two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2)

19   the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer,* 511 U.S. at

20   834; *Hearns v. Terhune,* 413 F.3d 1036, 1040–41 (9th Cir. 2005). However, plaintiff does not

21   allege any facts showing how he was attacked by other inmates or that the named defendant

22   acted with deliberate indifference. Plaintiff alleges he pressured into fighting, but he does not

23   allege that defendants prompted, encouraged, failed to respond, or were even aware that plaintiff

24

1  was fighting with other inmates. These facts as alleged do not show that defendant failed to

2  protect plaintiff or that defendant disregarded plaintiff's safety.

3        ***2. Medical Care***

4        Plaintiff alleges that he was denied proper medical care. Dkt. 8 at 3-4. The government

5  has an obligation to provide medical care for prisoners.  The Eighth Amendment proscribes

6  deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97,

7  103 (1976).  To establish "deliberate indifference," a prisoner must show that a defendant

8  purposefully ignored or failed to respond to the prisoner's pain or possible medical need.  *Id*. at

9  104.  A determination of "deliberate indifference" involves an examination of two elements: (1)

10 the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to

11 that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

12       "A 'serious' medical need exists if the failure to treat a prisoner's condition could result

13 in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

14 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104).  Further, a prisoner can make no claim for

15 deliberate medical indifference unless the denial was harmful.  *McGuckin*, 974 F.2d at 1060;

16 *Shapely v. Nevada Bd. of State Prison Comm'rs.*, 766 F.2d 404, 407 (9th Cir.1985).

17       Plaintiff alleges that he was denied medical care at Clark County Jail. *See* Dkt. 8.

18 Although plaintiff generally alleges that he was denied medical care including medication,

19 compression socks, and a medical wedge to sleep with, plaintiff does not identify in his

20 complaint any facts demonstrating that the named defendant was aware of plaintiff's

21 concerns/complaints regarding his medical treatment or that defendant was deliberately

22 indifferent to plaintiff's serious medical needs. *See Jackson,* 90 F.3d at 332.

23

24

1    Accordingly, while the general allegations contained in the complaint are sufficient to

2    raise concerns with this Court, plaintiff has failed to state a claim under the Eighth Amendment,

3    if plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a

4    short, plain statement explaining exactly what actions were taken by defendant, how defendant's

5    actions violated plaintiff's constitutional rights, what harm he suffered as a result, and whether

6    defendant had knowledge of plaintiff's harm or risk of harm.

7    **B.      Retaliation**

8    Plaintiff alleges that he was retaliated against for filing this lawsuit. Dkt. 4 at 5. Plaintiff

9    alleges that he was sent to administrative segregation twice when he complained of the

10   unsanitary cells and showers. *Id.*  To prove a First Amendment claim of retaliation under § 1983,

11   plaintiff must show: (1) he was subjected to adverse action; (2) the adverse action was imposed

12   because of certain conduct; (3) the conduct giving rise to the adverse action is legally protected;

13   (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a

14   legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition,

15   the plaintiff must show retaliation was the substantial or motivating factor behind the conduct of

16   the prison official. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977);

17   *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

18   Plaintiff has not sufficiently alleged facts supporting a claim of retaliation. For example,

19   plaintiff has not alleged how the alleged adverse actions chilled his speech, that the retaliation

20   was the motivating factor behind defendant's conduct, or that the adverse action did not advance

21   a legitimate correctional goal. Plaintiff must provide more specific facts showing how

22   defendant's actions constituted retaliation and violated plaintiff's constitutional rights.

23   /

24

**C.      Personal Participation**

Plaintiff names defendant Atkins as the only defendant in this action but fails to allege any facts against him in his complaint. *See* Dkt. 8. Plaintiff has failed to allege facts showing how the alleged constitutional violations were proximately caused by defendant Atkins. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what defendant Atkins did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

**D.      Joinder of Claims**

Although plaintiff's complaint names only one defendant, defendant Atkins, plaintiff's complaint includes allegations that appear to allege facts against different defendants including medical providers at Clark County Jail and various other prison officials. *See* Dkt. 8 (inadequate medical treatment, overcrowding, and retaliation).

Plaintiff is advised that unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has

1   against an opposing party.' Thus multiple claims against a single party are fine, but Claim A

2   against defendant 1 should not be joined with unrelated Claim B against defendant 2. Unrelated

3   claims against different defendants belong in different suits, not only to prevent the sort of

4   morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

5   pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

6   frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

7   U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed.R.Civ.P.

8   20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction

9   requirements are satisfied). Also, an amended complaint may not change the nature of a suit by

10  alleging new, unrelated claims. *George,* 507 F.3d at 607 (no "buckshot" complaints).

11         Thus, if plaintiff chooses to file an amended complaint, he should omit any claims

12  unrelated to the named defendants in this matter. If plaintiff wishes to pursue this claim against

13  different defendants, he must file a separate cause of action.

14         **E.        Instruction to Plaintiff and the Clerk**

15         Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If

16  plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended

17  complaint and within the amended complaint, he must write a short, plain statement telling the

18  Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who

19  violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

20  inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5)

21  what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

22  423 U.S. 362, 371–72, 377 (1976).

23

24

1    Plaintiff shall present the amended complaint on the form provided by the Court. The

2    amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

3    and not a copy, it should contain the same case number, and it may not incorporate any part of

4    the original complaint by reference. The amended complaint will act as a complete substitute for

5    the original complaint, and not as a supplement.  An amended complaint supersedes the original

6    complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

7    *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended

8    complaint must be complete in itself and all facts and causes of action alleged in the original

9    complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.

10   The Court will screen the amended complaint to determine whether it contains factual allegations

11   linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize

12   service of the amended complaint on any defendant who is not specifically linked to a violation

13   of plaintiff's rights.

14       If plaintiff fails to file a amended complaint or fails to adequately address the issues

15   raised herein on or before **March 8, 2016** the undersigned will recommend dismissal of this

16   action as frivolous pursuant to 28 U.S.C. § 1915.

17       The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

18   civil rights complaint and for service. The Clerk is further directed to send copies of this order

19   and Pro Se Instruction Sheet to plaintiff.

20       Dated this 10th day of February, 2016.

21

22
                                    J. Richard Creatura
23                                  United States Magistrate Judge

24

ORDER TO SHOW CAUSE OR AMEND - 10