1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BURGESS,

                    Plaintiff,

        v.

CHUCK ATKINS et al.,

                    Defendants.

CASE NO. 3:15-CV-05895-RJB-JRC

SECOND ORDER TO SHOW
CAUSE OR AMEND

15

16

17

18

19

20

21

22

23

24

Plaintiff Richard Burgess, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983.  Plaintiff alleges that the Clark County Jail is overcrowded, resulting in unsanitary conditions, and that his right to access to the courts has been violated. Dkt. 14.  Having reviewed and screened plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's amended complaint because plaintiff has failed to allege any facts supporting personal participation against the named defendants including allegations that deal with any claim of deliberate indifference or denial of access to the courts. Furthermore, plaintiff has failed to allege that his lack of access to the courts caused him any actual injury.

SECOND ORDER TO SHOW CAUSE OR AMEND
- 1

1    Accordingly, the Court provides plaintiff leave to file an amended pleading by April 15,

2  2016, to cure the deficiencies identified herein. The Court also denies plaintiff's motion for

3  appointment of counsel that was filed in the same pleading as plaintiff's second amended

4  complaint.  *See* Dkt. 14 at 8 (motion to appoint counsel).

5                                          **BACKGROUND**

6    Plaintiff, who was previously incarcerated at Clark County Jail, alleges violations of his

7  First and Eighth Amendment rights. Dkt 14.  Based on the address change filed by plaintiff, it

8  appears that he is now housed at the Washington Corrections Center. Dkt. 15.

9                                          **DISCUSSION**

10    Under the Prison Litigation Reform Act of 1995, the Court is required to screen

11  complaints brought by prisoners seeking relief against a governmental entity or officer or

12  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

13  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

14  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

15  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

16  152 F.3d 1193 (9th Cir. 1998).

17    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

18  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

19  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

20  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

21  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

22  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

23

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 2

1  named defendants caused, or personally participated in causing, the harm alleged in the

2  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

3       Plaintiff's amended complaint suffers from deficiencies requiring dismissal if not

4  corrected in a second amended complaint.

5  **A.      Conditions of Confinement – Eighth Amendment**

6       Plaintiff alleges that while housed at Clark County Jail, he has been subjected to

7  conditions of confinement that violate his constitutional rights. *See* Dkt. 14. Plaintiff maintains

8  that the Clark County Jail was overcrowded, which has caused plaintiff stress and resulted in a

9  odor from the toilets, a lack of privacy, freezing temperatures, and "stinky" showers with urine

10  stains. Dkt. 14 at 2-4. Plaintiff alleges that Clark County Jail is only designed to hold 340 beds

11  but that it now contains 680 inmates. *Id.* at 4. Plaintiff alleges that some inmates sleep on a

12  mattress on the floor. *Id.*

13       Plaintiff alleges that Clark County Jail has structural damage which makes the building

14  unsafe. *Id.* at 2. Plaintiff also alleges that in one of the housing units at Clark County Jail, there

15  was human waste on the wall and a strong urine smell from mental health inmates urinating on

16  the floor. *Id.* at 3. Plaintiff alleges that he was told to clean the human waste from the wall. *Id.*

17       The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on

18  prison officials to provide prisoners with the basic necessities of life such as food, clothing,

19  shelter, sanitation, medical care and personal safety. See *Farmer v. Brennan*, 511 U.S. 825, 832

20  (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Allegations of overcrowding, alone, are

21  insufficient to state a claim under the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S.

22  337, 348 (1981); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *Akao v.*

23  *Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (*citing Hoptowit v. Ray*, 682 F.2d 132

24

1   1237, 1249 (9th Cir. 1982)). Where crowding causes an increase in violence or reduces the

2   provision of other constitutionally required services, or reaches a level where the institution is no

3   longer fit for human habitation, however, the prisoner may be able to state a claim. *See Balla*,

4   869 F.2d at 471; *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984); *Hoptowit*, 682 F.2d

5   at 1248-49.

6       "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute

7   an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*,

8   45 F.3d 1310, 1314 (9th Cir. 1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir.

9   2000); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). The circumstances, nature, and

10  duration of the deprivations are critical in determining whether the conditions complained of are

11  grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d

12  726, 731 (9th Cir. 2000). ). Usually, a more offensive condition will be of constitutional

13  significance when it exists for even a short time, while a less offensive condition will be of

14  constitutional significance only when it has existed for a much longer time. Long-term

15  unsanitary conditions violate the Eighth Amendment, as do non-working toilets. See, e.g.,

16  *Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir .2005) (allegations of serious health

17  hazards in disciplinary segregation yard for a period of nine months, including toilets that did not

18  work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold

19  water even though the temperature in the prison yard exceeded 100 degrees, enough to state a

20  claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314

21  (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or

22  prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."),

23  *amended*, 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916 (1995); *id*. at 1314–15 (placement of

24

1    violent and mentally disturbed inmates in safety cell that was dirty and smelly with a pit toilet for

2    short duration (up to one day) did not violate Eighth Amendment).

3         Furthermore, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official

4    must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In

5    prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or

6    safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).  A prison official does not

7    act with deliberate indifference "unless the official knows of and disregards an excessive risk to

8    inmate health or safety." *Farmer,* 511 U.S. at 837.

9         Here, while plaintiff has alleged that he was subjected to unclean cells and showers, a

10   lack of privacy, and freezing temperatures, *see* Dkt. 14 at 2-4, plaintiff has not provided enough

11   information as to the circumstances and duration of the jail and cell conditions to enable the

12   Court to determine whether plaintiff has identified a sufficiently serious deprivation. *See*

13   *Johnson,* 217 F.3d at 731.  Furthermore, plaintiff has failed to allege any facts showing that the

14   named defendants knew of the unsanitary cells and showers and freezing temperatures and acted

15   with deliberate indifference.  *See Farmer,* 511 U.S. at 837.

16        Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for

17   violation of the Eighth Amendment. To succeed on this claim, plaintiff must allege in more

18   specific terms the duration of the jail and cell conditions and facts, if any, showing how

19   defendants knew of an excessive risk to plaintiff's safety and failed to act.

20   **B.      First Amendment – Access to the Courts**

21        Plaintiff alleges that he has not been allowed to view jail policies. Dkt. 14 at 5. Plaintiff

22   also alleges that the new law kiosks are incomplete and do not contain all of the law books that

23   the old law library had. *Id.* The remaining allegations in plaintiff's complaint are unclear.

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 5

1    However, it appears that plaintiff alleges that since he started this lawsuit he has less time in the

2    law library and that he is required to use the law kiosk instead of the law library. *Id.* at 6. It also

3    appears that plaintiff alleges that he has to wait to use the law kiosk. *Id.* Plaintiff alleges that

4    defendants Bishop and Atkins are deliberately blocking him from using the law library. *Id.*

5        Inmates have a "fundamental constitutional right of access to the courts." *Bounds v.*

6    *Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held that the right of access

7    imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal

8    papers, either by establishing an adequate law library or by providing adequate assistance from

9    persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court

10   held a prisoner must show some actual injury resulting from a denial of access in order to allege

11   a constitutional violation.  *Id.* at 349.

12       To establish that he suffered an actual injury, plaintiff must show "actual prejudice with

13   respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

14   present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002);

15   *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588

16   F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct

17   criminal appeals, habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353

18   n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an

19   access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting*

20   *Lewis*, 518 U.S. at 353 & n. 4).

21       Plaintiff has not alleged any actual injury in his complaint. There are no allegations that

22   plaintiff was denied access to the courts in a non-frivolous direct criminal appeal, habeas corpus

23   proceeding, or § 1983 case, nor are there allegations showing that plaintiff had a legal claim

24

SECOND ORDER TO SHOW CAUSE OR AMEND
- 6

1    frustrated by the actions of defendants. Plaintiff's vague allegations regarding the denial of

2    access to jail policies and inadequacy of the law kiosks are insufficient to state a claim and

3    plaintiff does not specifically explain how he was hindered in his efforts to pursue a non-

4    frivolous claim. Other than plaintiff's conclusory allegations that defendants Bishop and Atkins

5    are deliberately blocking his access to the law library, plaintiff fails to allege any facts showing

6    how these defendants allegedly violated or interfered with plaintiff's right of access to the courts.

7    To succeed on this claim, plaintiff must allege in more specific terms who harmed him and how

8    the harm violated his right of access to the courts.

9    **C.    Claim Against Clark County and City of Vancouver**

10   Plaintiff has named Clark County and City of Vancouver as defendants. *See* Dkt. 14.

11   Municipalities are subject to suit under § 1983.  *Monell v. New York City Dept. of Social*

12   *Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

13   To hold a municipality such as Clark County or the City of Vancouver liable, plaintiff

14   must show the municipality itself violated his rights or that it directed its employee to do so.  *Bd.*

15   *of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).  Under this theory of

16   liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision

17   officially adopted and promulgated by that body's Officers."  *City of St. Louis v. Praprotnik*, 485

18   U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690).  A local governmental unit may not be

19   held responsible for the acts of its employees under a respondeat superior theory of liability. *See*

20   *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).  In order to sue a local governmental

21   entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was

22   the result of a custom or policy of the local governmental unit. *Id.*

23

24

1      Plaintiff only names defendants Clark County and City of Vancouver as defendants but

2 he fails to identify what custom or policy of Clark County or the City of Vancouver caused the

3 injuries of which he complains.  Therefore, his present allegations do not support a claim against

4 Clark County or the City of Vancouver.

5     **D.**     **Personal Participation**

6      Plaintiff also names defendant Atkins and Bishop as defendants in this action but fails to

7 allege any facts against defendants Atkins or Bishop in his complaint. *See* Dkt. 14. Plaintiff

8 alleges that because the jail administrator told plaintiff "the jail has no capacity required to

9 operate by. Because of that statement that show's [sic] admission's [sic]." *Id.* at 4. Plaintiff also

10 alleges that defendants Bishop and Atkins are deliberately blocking him from using the law

11 library. *Id.* at 6. However, plaintiff has failed to allege facts showing how the alleged

12 constitutional violations were proximately caused by defendants Atkins or Bishop. To state a

13 claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or

14 personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d

15 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of

16 a constitutional right when committing an affirmative act, participating in another's affirmative

17 act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743

18 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a

19 claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious

20 liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil

21 rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

22      If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint

23 with a short, plain statement explaining exactly what defendants Atkins and Bishop did or failed

24 to do and how the actions violated plaintiff's constitutional rights and caused him harm.

1     **E.**      **Motion to Appoint Counsel (Dkt. 14 at 8)**

2         Although plaintiff's request is unclear, it appears that included in his amended complaint

3 is also a request for appointment of counsel. Dkt. 14 at 8. Plaintiff alleges that he is requesting

4 that the Court appoint counsel to represent plaintiff and other inmates in his suit, which he

5 alleges is a class action lawsuit. *Id.*

6         First, the Court notes that plaintiff is the only plaintiff in this lawsuit and that the Court

7 has not entered an order certifying this suit as a class action.  *See* Docket.

8         With respect to plaintiff's request for counsel, no constitutional right exists to appointed

9 counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also*

10 *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment

11 of counsel under this section is discretionary, not mandatory.")  However, in "exceptional

12 circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28

13 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th

14 Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To

15 decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of

16 success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of

17 the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

18 Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must

19 plead facts that show he has an insufficient grasp of his case or the legal issue involved and an

20 inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of*

21 *America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

22         That a *pro se* litigant may be better served with the assistance of counsel is not the test.

23 *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the

24

1 issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of

2 further facts during litigation.  But, if all that was required to establish the complexity of the

3 relevant issues was a demonstration of the need for development of further facts, then

4 practically all cases would involve complex legal issues.  *Id.*

5        Plaintiff states that he is proceeding *pro se* but provides no other reasons for which the

6 Court should appoint counsel. Dkt. 14 at 8. This is not an exceptional circumstance.  In addition,

7 plaintiff has failed to show that he is likely to succeed on the merits of his case. The Court has

8 declined to serve plaintiff's amended complaint at this time as it is deficient, but plaintiff is

9 being given an opportunity to amend his complaint.  Based on plaintiff's allegations, however,

10 the Court notes that this is not a complex case involving complex facts or law.  Thus, plaintiff's

11 motion to appoint counsel is denied without prejudice.

12     **F.**    **Miscellaneous motions and requests (Dkt. 14 at 7)**

13        In his amended complaint, plaintiff also moves to change defendants' names to

14 defendants Atkins, Bishop, Clark County and the City of Vancouver. Dkt. 14 at 7. Plaintiff also

15 seeks a motion to stay not dismiss" because the Clark County Jail has refused to let plaintiff use

16 the original law library. *Id.*

17        The Court has construed these motions as allegations related to plaintiff's amended

18 complaint, including his access to the courts claim. As stated above, the named defendants in

19 plaintiff's amended complaint are defendants Atkins, Bishop, Clark County and the City of

20 Vancouver. The deficiencies regarding his access to courts claim are addressed above.

21        At this time, the Court is not recommending dismissal of plaintiff's amended complaint

22 but instead allowing him a chance to amend his pleading by April 15, 2016. Plaintiff is advised

23 that if he seeks any additional action by the Court, he should file a separate motion.

24

1     **G.**     **Instruction to Plaintiff and the Clerk**

2         Due to the deficiencies described above, the Court will not serve plaintiff's amended

3 complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a

4 second amended complaint and within the second amended complaint, he must write a short,

5 plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2)

6 the name of the person who violated the right; (3) exactly what the individual did or failed to do;

7 (4) how the action or inaction of the individual is connected to the violation of plaintiff's

8 constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's

9 conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

10         Plaintiff shall present the second amended complaint on the form provided by the Court.

11 The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

12 an original and not a copy, it should contain the same case number, and it may not incorporate

13 any part of the original complaint by reference. The second amended complaint will act as a

14 complete substitute for the original complaint, and not as a supplement.  An amended complaint

15 supersedes the original complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997)

16 *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

17 Therefore, the second amended complaint must be complete in itself and all facts and causes of

18 action alleged in the original complaint and amended complaint that are not alleged in the second

19 amended complaint are waived.  *Forsyth,* 114 F.3d at 1474. The Court will screen the second

20 amended complaint to determine whether it contains factual allegations linking each defendant to

21 the alleged violations of plaintiff's rights. The Court will not authorize service of the amended

22 complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

23

24

1    If plaintiff fails to file a second amended complaint or fails to adequately address the

2  issues raised herein on or before **April 15, 2016** the undersigned will recommend dismissal of

3  this action as frivolous pursuant to 28 U.S.C. § 1915.

4    The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

5  civil rights complaint and for service. The Clerk is further directed to send copies of this order

6  and Pro Se Instruction Sheet to plaintiff.

7    Dated this 18th day of March, 2016.

8

9    J. Richard Creatura
     United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24