UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BURGESS,

              Plaintiff,

   v.

CLARK COUNTY et al.

              Defendants.

CASE NO. 15-cv-05895-RJB-JRC

ORDER RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GIVING PLAINTIFF PROPER WARNINGS WITH THE OPPORTUNITY TO SUBMIT A RESPONSE

Before the Court is defendants' motion for summary judgment. Dkt. 25. Plaintiff is incarcerated and proceeding *pro se*. *See* Dkt. Defendants failed to give plaintiff warnings contemporaneously with the filing of the dispositive motion as required pursuant to *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997); *Woods v. Carey*, 684 F3d. 934 (9th Cir. 2012).

This order is intended to provide this notification. However, defendants are advised that it is defendants responsibility to serve *Rand* and *Wyatt* notices, in a separate document, concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). Defendants who fail

to file and serve the required *Rand* and *Wyatt* notices on the plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

In accordance with *Rand* and its progeny, plaintiff is advised that when defendants file a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, plaintiff should review the rule for purposes of determining a response. Rule 56 requires a nonmoving party (in this case, plaintiff) to submit affidavits or other evidence in opposition to the motion for summary judgment if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law. A nonmoving party may not rest upon the mere allegations or denials of prior pleadings. Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits or other evidence, specific facts showing a genuine issue for trial. Failure by plaintiff to oppose this summary judgment motion or to present counter evidence could result in the Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the moving party without a full trial. *Rand v. Rowland,* 113 F.3d 1520 (9th Cir. 1997).

Plaintiff will have until May 19, 2017 to submit a response to defendants' motion for summary judgment. Defendants may file a reply on or before May 26, 2017. The parties are advised that all other deadlines set forth in the Court's Pretrial Scheduling Order (Dkt. 24) remain in effect.

The Clerk's Office is directed to re-note defendants' motion for summary judgment (Dkt. 25) for May 26, 2017.

Dated this 19th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER RE-NOTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND GIVING
PLAINTIFF PROPER WARNINGS WITH THE
OPPORTUNITY TO SUBMIT A RESPONSE - 2