UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BURGESS,

                Plaintiff,

v.

CLARK COUNTY, et al.,

                Defendants.

CASE NO. 3:15-cv-05895-RJB-JRC

REPORT AND RECOMMEDATION

NOTED FOR: SEPTEMBER 15, 2017

The District Court has referred this civil rights complaint to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff filed the complaint pursuant to 42 U.S.C. §1983.

This matter comes before the Court on defendants' motion for summary judgment. Dkt. 25. It has been more than sixty days since the Court's mailings to plaintiff were returned and more than 30 days since the Court ordered plaintiff to provide a current address. Dkts. 34, 35. The Court still does not have a current address for plaintiff. Therefore, the undersigned

recommends that the Court dismiss this action for failing to obey a court order and for failure to prosecute.

## DISCUSSION

Plaintiff filed his proposed petition for a writ of habeas corpus on December 9, 2015. Dkt. 1. Because plaintiff did not seek to challenge his confinement, the Court characterized plaintiff's cause of action as arising under 42 U.S.C. §1983. Plaintiff filed his civil rights complaint on February 5, 2016 (Dkt. 8). He filed his first amended complaint on March 16, 2016 (Dkt. 14) and a second amended complaint on April 15, 2016 (Dkt. 17). The Court ordered service on April 26, 2016 (Dkt. 18) and defendants filed an answer on June 9, 2016 (Dkt. 23). Defendants filed a motion for summary judgment on February 21, 2017 (Dkt. 25). Plaintiff has not responded to the motion. On April 20, 2017, the mail addressed to plaintiff was returned and the Department of Corrections informed the Court that plaintiff was released to community custody on January 5, 2017 (Dkt. 32). Additional mail addressed to plaintiff was subsequently returned (Dkt. 34) and on June 20, 2017, the Court ordered that plaintiff provide the Court with an updated address by July 21, 2017 or face dismissal of his action (Dkt. 35). Plaintiff has not responded to the Court's order and has not otherwise provided the Court with an updated address.

Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. W.D. Wash. LCR 41(b). If mail sent to a *pro se* plaintiff by the Clerk is returned as undeliverable, and if the plaintiff fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, more than 60 days have passed since the Clerk's letter was returned as

undeliverable. *See* Dkt. 6.  Accordingly, the Court recommends that this action be dismissed without prejudice for failure to prosecute.  *See* W.D. Wash. LCR 41(b).

**CONCLUSION**

For the reasons stated above, the Court recommends that the plaintiff's complaint be dismissed for failure to obey a court order and failure to prosecute. The Court further recommends that the motion for summary judgment (Dkt. 25) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **September 15, 2017**, as noted in the caption.

Dated this 23rd day of August, 2017.

J. Richard Creatura
United States Magistrate Judge